# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS M. MEMBRENO,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN RODRIGUEZ,<br><br>    Respondent. | Case No. CV 15-3556 ODW (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

  The Court vacates the reference of this action to the Magistrate Judge and dismisses Petitioner's defective state habeas action.

* * *

  Petitioner, an inmate at the state prison in Corcoran, filed a "request for equitable tolling" for a state habeas action. (Docket # 1.) He does not have an active habeas petition on file in this district. Indeed, his filing is apparently an attempt to extend the deadline to file a future habeas petition challenging his state court criminal conviction. This procedure does not comply with the rules of this Court, so the Court must dismiss Petitioner's action.

Petitioner has not filed an actual habeas petition, nor has he filed any other materials with this Court in connection with his case. According to the motion, Petitioner is visually impaired and "unable to find a trustworthy individual to assist" him in custody. Petitioner's submission is not accompanied by any information regarding his criminal case or the claims of error he wishes to assert on habeas review.

As a result, Petitioner failed to comply with the Rules Governing Section 2254 Cases in the United States District Courts. Rule 2(d) expressly requires that a state prisoner commence a habeas action by using a standard form prepared by the Court. In our district, prisoners must complete Form CV-69. That form provides the Court with basic information about the petitioner, his conviction, the prior status of his case in state and federal court, and, most importantly, the federal constitutional claims he wishes to pursue here.

A state prisoner must begin his case by filing a petition for a writ of habeas corpus. Petitioner's request for an extension to file his federal habeas petition – in the absence of a properly filed petition – is inadequate and premature. If he files an action after the statutory deadline, Petitioner may be entitled to request equitable tolling of the limitations period.[1] However, at this stage, the Court cannot extend the habeas filing period in the manner that Petitioner requests.

---

[1] The Court observes that a state prisoner generally has a one-year period after a conviction becomes final (generally, after the conclusion of all appellate proceedings) to commence an action for federal habeas review. 28 U.S.C. § 2244. In California, when a prisoner does not seek certiorari review of a conviction in the U.S. Supreme Court, a prisoner's conviction generally becomes final 90 days after the state supreme court denies a petition for review. Shannon v. Newland, 410 F.3d 1083, 1086 (9th Cir. 2005).

Therefore, the Court DISMISSES the action without prejudice. For Petitioner's convenience, the Court directs the Clerk to send him a blank Form CV-69 with a copy of this Order.[2]

IT IS SO ORDERED.

Dated: May 20, 2015

                                         HON. OTIS D. WRIGHT II
                                         UNITED STATES DISTRICT JUDGE

---

[2] Additionally, the Court does not possess sufficient evidence to exercise its discretion to appoint an attorney to represent Petitioner. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). The mere assertion of a vision problem (unsupported by any independent evidence) is not, without considerably more information about Petitioner's habeas claims, sufficient to show appointment of a lawyer "is necessary to prevent due process violations" here. On that basis, the request for an appointed lawyer is denied without prejudice. (Docket # 4.)

3